IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY F. FLANAGAN, JAMES W. CARSON, JOHN M. CHANEY, and DONALD W. JONES, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation, and the AGENT TRANSITION SEVERANCE PLAN,<br><br>Defendants. | No. 01 C 1541 |

## MEMORANDUM OPINION AND ORDER

We have been reminded (and we were glad for the reminder) that defendants' motion for reconsideration, pending since April 29, 2005, had yet to be ruled upon. We do so now, and we deny it.

On March 1, 2005, we changed course somewhat and ruled that the class had to be a Rule 23(b)(3) class. The Court of Appeals ruled eight days later that any class had to be a Rule 23(b)(3) class. But, say defendants, that means thousands of separate trials or hearings on causation and damages, even if the class were to prevail upon common issues.

We recognize the problem. But if each class member had to sue separately there would be the same trials or hearings on causation and damages if he or she prevailed on the "policy" issue – unless the cost of litigation discouraged many from advancing individual claims. Thus trial time would be increased by the countless repetition of the evidence relating to a single common issue.

We think that is what the Court of Appeals had in mind in <u>In re: Allstate Ins. Co.</u>, 400 F.3d 505, 508 (7th Cir. 2005), when it stated as follows:

> This is not to say that the case is unsuitable for class treatment It may well be highly suitable. A single hearing may be all that's necessary to determine whether Allstate had a policy of forcing its employee agents to quit. This issue could be decided first and then individual hearings conducted to determine which of the members of the class were actually affected by the policy rather than having decided to quit for their own reasons. <u>Fed.R.Civ.P. 23(c)(4)(A)</u>. That would be a more efficient procedure than litigating the class-wide issue of Allstate's policy anew in more than a thousand separate lawsuits. We explained this kind of hybrid procedure in <u>Carnegie v. Household International Inc., 376 F.3d 656, 661 (7th Cir. 2004)</u>, and need not repeat the explanation here.

That is what this court had in mind, and we continue to adhere to that view.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Jan 11, 2006.