IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY F. FLANAGAN, JAMES W. CARSON, )
JOHN M. CHANEY, and DONALD W. JONES, )
individually and on behalf of all others )
similarly situated, )
                                        )
            Plaintiffs,                 )
                                        )
      vs.                               )   No. 01 C 1541
                                        )
ALLSTATE INSURANCE COMPANY, an          )
Illinois corporation, and the AGENT     )
TRANSITION SEVERANCE PLAN,              )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Defendants move for modification of the class definitions issued by the court on March 1, 2005, and February 9, 2007, certifying classes for plaintiffs' ERISA § 510 and breach of contract claims. Defendants further seek revision of the February 9, 2007, memorandum and order to correctly reflect one of defendants' arguments. Additionally, they move to stay the delivery of notice to class members pending the outcome of this motion. For the following reasons, defendants' motion is granted.

### ERISA § 510 Class Definition

Defendants first seek modification of the class definition issued by the court on March 1, 2005, which certified a class with respect to plaintiffs' constructive discharge claim under ERISA § 510. That class definition is as follows:

> Allstate employee-agents subject to Defendants' changes in work rules set forth in the "Allstate Agency Standards" of September 1998 or subsequent versions of the "Allstate Agency Standards" that were announced prior to May 31, 1999, who retired, terminated, or converted to independent contractor status between April 1, 1998 and May 21, 1999, but had not submitted notice of their retirement or resignation prior to April 1, 1998.

Flanagan v. Allstate Ins. Co., 228 F.R.D. 617, 620 (N.D. Ill. 2005). Defendants argue that this class is too broad in that it includes persons who were not eligible for the Allstate Transition Severance Plaint ("ATSP") and therefore could not have suffered the injuries that plaintiffs complain of. They argue that since plaintiffs have only discussed agents working under the R-830 and R-1500 contracts, that the class should be modified to include only those agents working under those contracts. Defendants argue that agents working under these contracts were the only ones covered by Allstate's reorganization plan, and were the only agents who could participate in the ATSP. Other employee agents were not included in the reorganization program and were not eligible for the ATSP.

Defendants specifically discuss the case of the R-3000 contract agent. An R-3000 contract is created between Allstate and a new agent-trainee. The contract lasts 18 months, during which the agent is considered an employee of Allstate and is trained to become an agent. At the end of the 18-month period, the employee either converts to independent contractor status (by signing an R-3001 contract) or leaves the employ of Allstate. Defendants argue that persons working under contracts such as the R-3000 should not be part of the class because not only were they not considered a part of the reorganization plan, and thus not eligible for the ATSP, but their contract terminated at the end of the 18-month period. Thus, unlike the R-830 or R-1500 agents, the R-3000 agents did not terminate their employment or convert to independent contractor status because of Allstate's new work standards, but did so because their contract so required.

We agree with defendants that this class did not envision the inclusion of persons who worked under the R-3000 contract. The heart of this litigation is Allstate's decision to do away with its general employee-agent contracts and its imposition of allegedly onerous new work

requirements on existing, and in many cases veteran employee-agents, to induce them to retire, terminate their employment, or convert to independent contractor status ahead of the unveiling of the ATSP. Plaintiffs have alleged that Allstate's motive behind these work rules was to force out as many employee-agents as possible prior to the unveiling of the ATSP so that fewer agents would qualify for the plush severance and conversion packages offered in that plan, thereby saving Allstate money. R-3000 agents do not fall within those allegations because they were not part of Allstate's reorganization plan (as we understand, the R-3000 contract is still in use at Allstate), and they could not participate in the ATSP.

But we do not agree with defendants that the exclusion of R-3000 employee agents from the class results in a definition that includes only R-830 and R-1500 agents. While it appears for the most part that the remaining agents do work under one of these two contracts (or a variation of these), the record is still a bit vague as to exactly what contracts employee-agents were under at the time the reorganization plan was unveiled. Even the transcript that defendants provide to support their argument is cloudy as to what contract certain agents were working under. Because we refuse to limit the class so as to exclude agents who may have been working under a contract that would entitle them to participation in the ATSP, but could not be classified as either an R-830 or an R-1500 contract, we modify our ERISA § 510 class definition as follows:

> Allstate employee-agents, other than R-3000 agents, subject to Defendants' changes in work rules set forth in the "Allstate Agency Standards" of September 1998 or subsequent versions of the "Allstate Agency Standards" that were announced prior to May 31, 1999, who retired, terminated, or converted to independent contractor status between April 1, 1998 and May 31, 1999, but had not submitted notice of their retirement or resignation prior to April 1, 1998.

## Breach of Contract Class Definition

Defendants similarly request this court to modify the class definition for the class we

certified in connection with plaintiffs' breach of contract claim. Similar to their above argument, defendants claim that the class, as currently defined, is overbroad in that it appears to include R-3000 employee-agents who do not fall into the class of persons on behalf of whom plaintiffs are alleging a breach of contract. Plaintiffs do not disagree with the substance of defendants' request, but find that the scope of defendants' proposed definition possibly excludes certain employee-agents who worked under a supplemented or amended R-830 contract. Upon full briefing, both parties seem to have reached a compromise on the appropriate refined class definition, which we adopt with a slight modification to ensure that this class accounts for those agents who worked under the R-830 variant – the "General Agent Agreement." We define the breach of contract class as follows:

> Allstate agents employed under the R830 employment agreement, including any supplement or amendment thereto, or variation thereof, who were subject to Defendants' changes in work rules set forth in the "Allstate Agency Standards" of September 1998 or subsequent versions of the "Allstate Agency Standards" that were announced prior to May 31, 1999, who retired, terminated, or converted to independent contractor status between April 1, 1998 and May 31, 1999, but had not submitted notice of their retirement or resignation prior to April 1, 1998.

## Stay of Class Certification Orders and Class Notice

Defendants request that we stay the March 1, 2005, and February 7, 2007, class certification orders and the required class notice pending the requested modification of the class definitions. Plaintiffs argue that this issue is moot because defendants have effectively obtained a stay by the filing of this motion. We agree with plaintiffs that this issue would have been moot had we not modified the class definitions. However, in light of the foregoing modifications, we will permit class notice to be stayed pending a status hearing to discuss the scope of the information defendants need to turn over for proper notice to be achieved as required by Rule 23(c)(2)(B).

## Modification of Defendants' Argument

Defendants request that this court modify its February 7, 2007, memorandum opinion and order to correctly reflect one of defendants' arguments. In that opinion we summarized one of defendants' arguments against class certification by using the term "employed" to denote the relationship between Allstate and the independent contractor agents. Defendants contend that their argument did not stand for the proposition that independent contractor agents were "employed" by Allstate, and that this is an incorrect characterization of their relationship. We find that, when read in the context of the opinion, it should be clear to all that the independent contractor agents are not employees of Allstate. In fact, this entire litigation is centered around the allegation that Allstate was attempting to do away with all employee-agents so that it would no longer have to contribute to an ERISA plan. However, to assuage defendants' concern regarding the impact on future litigation of this minor slip-of-the-tongue, we correct our summary of defendants' argument to reflect that independent contractors are not employees of Allstate.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 2, 2007.