IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY F. FLANAGAN, JAMES W. CARSON, )
JOHN M. CHANEY, and DONALD W. JONES, )
individually and on behalf of all others )
similarly situated, )
)
              Plaintiffs, )
)
              vs. )      No. 01 C 1541
)
ALLSTATE INSURANCE COMPANY, an )
Illinois corporation, and the AGENT )
TRANSITION SEVERANCE PLAN, )
)
             Defendants. )

## MEMORANDUM OPINION AND ORDER

On April 20, 2006, the court granted plaintiffs leave to file a motion for leave to file an amendment to damages (dkt. 191). Plaintiffs sought leave to amend their complaint, not only to clarify damages but to include new named plaintiffs and new claims. After briefing was completed, plaintiffs moved to substitute another proposed second amended complaint, adding a new ERISA section and a new defendant. Defendants argue that plaintiffs cannot so amend their complaint because of undue delay, unfair prejudice and futility of the amendments. For the following reasons, plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

This case has a long history, and numerous opinions have been issued, in addition to one by the Seventh Circuit Court of Appeals, in which the full background has been laid out. See e.g. Flanagan v. Allstate, 223 F.R.D. 489, 497-98 (N.D. Ill. 2004); Flanagan v. Allstate, 228 F.R.D. 617, 619 (N.D. Ill. 2005); In re Allstate, 400 F.3d 505, 506-508 (7th Cir. 2005). Thus, we discuss the background only to the extent necessary to resolve this motion.

Plaintiffs filed their original complaint on March 5, 2001, alleging violations of ERISA, § 510, and breach of fiduciary duty, and seeking class certification and attorneys' fees. Plaintiffs' claims were based on alleged wrongdoing by defendant Allstate when it implemented stringent new work standards in an attempt to prompt plaintiffs to retire, quit, or convert to independent contractor status. After plaintiffs left Allstate or converted to independent contractors, Allstate implemented the Agent Transition Severance Plan ("ATSP"), which provided a substantial severance benefit package to the remaining agents provided that they either left the business or converted to independent contractor status. Plaintiffs allege that defendant Allstate knew at the time it implemented the new work standards that it was going to unveil the ATSP, but did not inform plaintiffs of that fact. Plaintiffs allege that defendants' motive was to induce as many agents as possible to leave, so as to reduce the amount of severance paid.

On June 24, 2004, the court granted class certification under Rule 23(b)(2) for the ERISA § 510 claim, and denied it as to the breach of fiduciary duty claim. Flanagan, 223 F.R.D. 489. On March 1, 2005, the court modified its class certification order to reflect certification under Rule 23(b)(3). Flanagan, 228 F.R.D. 617. Subsequently, the Seventh Circuit held that any class had to be certified under Rule 23(b)(3). In re Allstate. 400 F.3d 505.

On May 5, 2005, plaintiffs were granted leave to file an amended complaint to include a breach of contract claim. While class members had worked under either an R-830 contract or an R-1500 contract, plaintiffs limited their breach of contract claim to the R-830 class members because of a potentially negative holding by the Illinois Appellate Court regarding the nature of the R-1500 contract. We granted plaintiffs class certification on this claim on February 7, 2007. Flanagan v. Allstate, 2007 U.S. Dist. LEXIS 9779 (N.D.Ill. Feb. 7, 2007).

On April 20, 2006, we granted plaintiffs leave to file a motion to amend their complaint with respect to damages. We did so in order to clarify the type of damages plaintiffs were seeking in conjunction with their claims. On May 15, 2006, plaintiffs filed a motion for leave to file a second amended complaint. In their proposed second amended complaint plaintiffs sought to add two new named plaintiffs and a new breach of contract claim based on the R-1500 contract; they specified the damages they were seeking under both their ERISA claims and their breach of contract claims and added a prayer for compensatory damages in addition to equitable relief. This court had closed fact discovery on February 28, 2006, with no further extensions.[1]

Briefing on the motion to amend was completed on July 17, 2006, and the next day plaintiffs filed a motion for leave to file a substitute proposed second amended complaint. This "substitute" complaint sought to add a claim for relief under ERISA § 502(a)(1), in addition to § 502 (a)(3), and to add a new defendant, the Allstate Agency Pension Plan ("AAPP"). We permitted additional briefing on these new proposed amendments.

## ANALYSIS

After a responsive pleading has been served upon a party, that party may amend its pleadings by leave of the court or by written consent of the adverse party. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. Pro. 15. Courts may deny leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

---

[1] We are mindful that plaintiffs have filed a motion to extend discovery cutoff in relation to the narrow issues presented in their pending motion to compel and the redeposing of certain witnesses. We stayed the briefing on this motion, pending the outcome of the present motion to amend.

amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Perrian v. O'Grady</u>, 958 F.2d 192, 193 (7th Cir. 1992).

<u>Addition of Defendant Allstate Agents Pension Plan</u>

Plaintiffs seek to add what they term as a "nominal" defendant, the AAPP. Plaintiffs claim this addition is precautionary because a claim seeking to remedy a failure to pay ERISA benefits generally should include the benefits plan itself as a defendant. *See* <u>Mein v. Carus Corp.</u>, 241 F.3d 581 (7th Cir. 2001). Plaintiffs freely admit, both in their motion for leave to substitute and in their proposed substitute second amended complaint, that they are not alleging they were denied benefits as a result of any wrongdoing by the AAPP, nor as a result of an interpretation of AAPP documents. We deny plaintiffs leave to add this new defendant.

The Seventh Circuit has held that undue delay, standing alone, is generally not a sufficient reason for denying a plaintiff leave to amend its complaint. <u>Dubicz v. Commonwealth Edison Co.</u>, 377 F.3d 787, 793 (7th Cir. 2004). However, "a lengthy and unexplained delay, such as the delay here, is sufficient grounds to deny leave to amend." <u>Profile Racing, Inc. v. Profile For Speed, Inc.</u>, 1995 U.S. Dist. LEXIS 13187 (N.D. Ill. 1995) *citing* <u>Perrian v. O'Grady</u>, 958 F.2d 192, 194 (7th Cir. 1992). First and foremost, we note that this litigation had been pending for five years at the time plaintiffs sought leave to add this defendant. Plaintiffs had already amended their complaint once, a year prior to seeking this leave, and give this court no reason why they have delayed so long in adding this defendant. The case plaintiffs rely on, <u>Mein</u>, 241 F.3d 581, was decided before the inception of this case. Plaintiffs give no indication as to why they could not have added this defendant earlier. Additionally, discovery closed two and-a-half months prior to plaintiffs' present motion, and this court's order made clear that no further extensions for discovery would be granted ( D.t.

178, 2/7/06).[2]

Second, we granted plaintiffs leave to file a motion to amend their complaint with respect to damages, in an attempt to make clear what damages plaintiffs were seeking in relation to their existing claims. We did not anticipate that plaintiffs, this late in litigation and with discovery currently closed, would seek to add additional defendants.

Third, plaintiffs did not seek leave to add the AAPP as a defendant in its original motion for leave to amend. They waited until that motion was fully briefed, and on the following day filed a motion for leave to substitute another second amended complaint for the one they filed with their motion. This "substitute" complaint did not merely correct typographical errors but, among other things, added this new defendant. Plaintiffs have given no excuse as to why they waited this long to add this defendant, nor have they given a reason why they failed to add this defendant in their original proposed second amended complaint. We find that plaintiffs' undue delay in this case is sufficient to warrant a denial of their leave to add the pension plan as a defendant.

We might well be more sympathetic to the addition of AAPP if it was technically necessary (but it is not) and would not require additional discovery. But plaintiffs addition of the AAPP would be futile. They freely admit throughout their briefs and in their proposed substitute second amended complaint that they are alleging no wrongdoing on the part of the AAPP, nor are they alleging that their denial of benefits stemmed from an interpretation of the AAPP's terms. Plaintiffs refer to the AAPP in Count I of the proposed complaint, which alleges a violation of ERISA § 510 and a breach of fiduciary duty. But plaintiffs clearly state that the AAPP did not violate ERISA § 510, nor did it breach a fiduciary duty. Without some

---

[2] Even if we were to grant plaintiffs' pending motion for extension of discovery cutoff, it would not be a blanket grant permitting them to commence discovery on new parties or new claims.

allegation of wrongful conduct, plaintiffs' addition of the AAPP could not survive a motion to dismiss and thus would be a futile amendment.[3] General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997)(standard for leave to amend is the same standard of legal sufficiency that applies under Rule 12(b)(6)). Plaintiffs' motion for leave to add the AAPP as a defendant is denied.

## Addition of New Named Plaintiffs and New Class Breach of Contract Claim

In their proposed second amended complaint, plaintiffs seek to add two new named plaintiffs: Paul Potts and Lynn Edgin – both of whom plaintiffs allege are already members of the original class – and a new breach of contract claim (Count III) for which plaintiffs seek to certify a subclass.

With regards to the addition of the two named plaintiffs, we do not agree that they both are already members of the original class certified by this court. That class encompassed plaintiffs "who retired, were terminated, or converted to independent contractor status between April 1, 1998 and May 31, 1999, but who had not submitted notice of their retirement or resignation prior to April 1, 1998." (D.t. 92, 3/1/05). As stated in plaintiffs' proposed second amended complaint, Lynn Edgin converted to independent contractor status in August, 1999, after the cutoff date for membership in the class. Thus, Edgin cannot be a plaintiff to this action, let alone a named plaintiff in plaintiffs' proposed breach of contract claim.

---

[3]Defendants also argue that plaintiffs' addition of the AAPP as a defendant would be futile because the AAPP is not a "person" and therefore cannot be found liable under ERISA § 510. See e.g. DeGrave v/ Nat. Automatic Merchandising Ass'n Pension Plan, 392 F. Supp. 2d 1032 (N.D. Ill. 2005). A number of courts have so found. See Adams v. Koppers Co., 684 F. Supp. 399, 401 (W.D. Pa. 1988); Swanson v. U. A. Local 13 Pension Plan, 779 F. Supp. 690 (W.D.N.Y. 1991); Ranke v. Sanofi-Synthelabo, Inc., 2004 U.S. Dist. LEXIS 22427 (E.D. Pa. 2004); Young v. AT&T Transition Protection Payment Plan, 1989 U.S. Dist. LEXIS 55 (D.N.J. 1989); Borntrager v. Cent. States, Southeast & Southwest Areas Pension Fund, 2003 U.S. Dist. LEXIS 11653 (N.D. Iowa 2003); Colley v. Sandia Nat'l Labs, Long Term Disability Plan, 2000 U.S. Dist. LEXIS 22814 (D.N.M. 2000). We need not address this issue, however, because we find that plaintiffs' proposed addition of this defendant is both futile and causes undue delay for the reasons cited above.

With regard to Count III, we deny plaintiffs' motion to so amend their complaint at this late stage. As noted above, a year prior to the current motion to amend, plaintiffs were granted leave to amend their complaint to add a breach of contract claim (Count II). This breach of contract claim was specific to the R-830 contract. When petitioning for sub-class certification on this claim, plaintiffs included in their breach of contract claim only those class members who had worked under the R-830 contract. They explicitly excluded from the sub-class any class member who had worked under the R-1500 contract as a result of the Illinois Appellate Court ruling in Linker v. Allstate Insurance Co., 794 N.E.2d 945 (Ill. App. Ct. 2003), which found the R-1500 contract to be terminable at-will. (D.t. 132, 7/29/05).

At the time they filed their first amended complaint and pursued class action certification on Count II, plaintiffs knew that the law of many states provided a remedy for a breach of an at-will contract in the form of a breach of good faith and fair dealing, the rule of law upon which plaintiffs' proposed Count III rests. Plaintiffs acknowledged the state of the law in their Reply in Support of Class Certification (Plfs. Reply at 9-10, D.t. 183).[4] Plaintiffs have failed to provide this court with any reason whatsoever as to why they did not bring this claim at the time they filed their first amended complaint, or at any time prior to the close of discovery. Additionally, plaintiffs concede that Count III is based on no new facts and, in fact, highlight this as the reason why defendants would not be prejudiced by the amendment. We find plaintiffs' delay unjustified. Ollins v. O'Brien, 2006 U.S. Dist. LEXIS 39453, *4 (N.D. Ill. May 26, 2006).

Furthermore, defendants would be highly prejudiced by the addition of this claim.

---

[4]Plaintiffs argued that "even if the R830 agreement were held by other states to be terminable at-will, many such jurisdictions recognize the existence of a covenant of good faith and fair dealing in employment agreements even in at-will employment arrangements" (citing cases).

When we permitted plaintiffs to add Count II, defendants were subsequently permitted to take numerous additional depositions related to that claim, in addition to other fact discovery which ensued on that claim. But as stated above, fact discovery has been closed in this case since February 28, 2006, and the order stated that no further extensions would be granted. Were we to permit plaintiffs to add this new claim, we would certainly need to reopen fact discovery and, at the very least, permit additional depositions to be taken by defendants, including their re-deposing of the new named plaintiff, who was previously deposed only as a fact witness on the ERISA claims. Ollins, 2006 U.S. Dist. LEXIS 29453, at *5.

The addition of Count III would cause undue delay to this proceeding as well. Plaintiffs seek to certify an additional sub-class in connection with this claim. This would require additional class discovery on the part of both parties and a full round of briefing, which, for the last class certification motion, took seven months to complete. Thus, for reasons of unjustified delay and severe prejudice to defendants, we deny plaintiffs' motion to amend its complaint to add Count III.[5]

### Addition of Damages under ERISA and Breach of Contract Claims

Plaintiffs seek to add claims for compensatory damages under ERISA § 502(a)(1)(B) for defendants' alleged ERISA violations, in addition to the equitable relief they seek under ERISA § 502(a)(3). Plaintiffs also seek to clarify the specific damages they are seeking under their breach of contract claim. Defendants argue that plaintiffs cannot now add a claim for compensatory damages at this late stage when, throughout this litigation, they clearly indicated they were only seeking equitable relief and brought their claim under § 502(a)(3), exclusively.

---

[5]While not addressed by the parties, we further deny plaintiffs' motion to amend in relation to certain date changes in Count II. In several places plaintiffs have changed the relevant cutoff date from May 31, 1999 to November, 1999 (*compare* plf. 1st am.cplt., ¶¶ 89, 90, with plf. proposed 2nd am.cplt., ¶¶ 96, 97). To that extent, we deny plaintiffs motion to amend Count II.

Plaintiffs counter that they have always been seeking monetary relief and that their simple clarification of that fact is not prejudicial to defendants because defendants were already aware of this.

Plaintiffs' original and first amended complaints sought declaratory and injunctive relief under ERISA 502(a)(3). Specifically, plaintiffs sought relief "making Plaintiffs and class members eligible to participate in the Agent Transition Severance Plan and to elect the payment of either basic or enhanced severance payments and requiring Allstate to fund and the Plan to administer the plan for the Plaintiffs' and class members' benefit." Plaintiffs also sought relief deeming plaintiffs and class members to have remained employee-agents to June 30, 2000 (or to such later date on which Allstate finally terminated all employee-agents), for purposes of Allstate's other ERISA retirement and benefit plans, and requiring Allstate to provide restitution to plaintiffs and class members for all benefits lost due to their earlier separation.

The specific nature of these benefits (whether or not they were considered money damages) was a major issue in the parties' briefs on class certification. We found, and the Seventh Circuit agreed, that plaintiffs were not seeking compensatory damages and that any damages awarded to plaintiffs would be incidental, because they would simply be read off the plan.[6]

---

[6]Contrary to plaintiffs' argument, the Seventh Circuit's opinion did not recognize that plaintiffs were seeking compensatory damages in connection with their claim. While the opinion mentions the word "damages" several times throughout, it is in the context of declaratory or injunctive relief. In re Allstate, 400 F.3d at 506-508 ("The present case is one of incidental damages because *if the plaintiffs get the declaration they are seeking*, the benefits to which the ERISA plan entitles them will simply be read off from the plan." *Id.* at 507. "But just as the presence of a damages claim does not always require insisting that the case proceed under rule 23(b)(3), *so the fact that declaratory or injunctive relief is sought (and no, or only incidental, damages)* should not automatically entitle the class to proceed under Rule 23(b)(2)." *Id.* "But when, *though the suit is for declaratory relief*, the effect of the declaration on individual class members will vary with their particular circumstances, they should be given notice of the class action...." *Id.* at 508.)

Thus, we found class certification under Rule 23(b)(2) to be proper.[7]

In plaintiffs' proposed second amended and proposed substitute second amended complaints they seek compensatory damages, including but not limited to:

> (1) the full value of any insurance benefits that Plaintiffs and class members would have been entitled [to] under the Agent Transition Severance Plan; (2) the full value of any retirement benefits that Plaintiffs and class members would have been entitled [to] under the Allstate Transition Severance Plan; (3) the sales value of the books of business Plaintiffs and class members would have been entitled to sell had they remained employed at Allstate . . . ; and (4) the full value of any other and further benefits Plaintiffs and class members would have been entitled to under the Agent Transition Severance Plan.

It is clear from the foregoing that the specific relief plaintiffs seek is the same regardless of whether it is classified as compensatory damages or injunctive or declaratory relief. Plaintiffs seek the benefits (or the value thereof) they would have received had they been able to participate in the ATSP. They seek restitution for the retirement and insurance benefits they were deprived of because of their early separation, or the value of those benefits. While plaintiffs did not, in their first two complaints, specifically mention seeking the value of their books of business, we cannot at this juncture say that plaintiffs were not seeking this in connection with their benefits under the ATSP. However, even if we were to consider this a new damage under Count I, it is not new in that plaintiffs have been seeking this in relation to their breach of contract claim.[8] Defendants cannot claim surprise by any of the requests for damages in plaintiffs' proposed second amended complaint.

---

[7] We later altered the basis for certification of the class to Rule 23(b)(3), not because plaintiffs altered the type of relief they were seeking but because, under the revised class definition, not all plaintiffs would be automatically entitled to relief. Flanagan, 228 F.R.D. at 619.

[8] While plaintiffs did not specify that they were seeking book of business damages in the prayer for relief of their first amended complaint, defendants acknowledged in their response to plaintiffs' motion for class certification that plaintiffs were seeking these specific damages. (See def. resp. p.24, d.t.146)("Indeed, each plaintiff claims a different monetary amount based on varying combinations of the value of the book of business, lost salary, benefits contributions, severance payments, a conversion bonus, and forgiveness of office expenses.")

While we agree with defendants that plaintiffs previously had sought only injunctive or declaratory relief, and had explicitly denied that they were seeking money damages in connection with their claims (see plf. reply in support of class cert, pp. 14-15, d.t. 70), we find that the nature of the relief now sought by plaintiffs is no different from that sought in their former claims for relief. Nor will additional discovery need to be conducted in connections with plaintiffs' amended claim for damages.[9] Thus the concerns of undue delay and unfair prejudice do not exist. We therefore grant plaintiffs' motion to amend their complaint to add these new damages.[10]

Defendants further argue that even if we permit plaintiffs to seek compensatory damages, they cannot recover certain damages they seek, such as "book of business" damages, because those damages are not part of an ERISA plan, are explicitly excluded from plaintiffs' contracts, and are too speculative. The issues raised by defendants, while potentially having merit, are nonetheless issues we do not address on this motion. The arguments defendants make as to the nature of plaintiffs' alleged "book of business" damages require factual

---

[9]As this will be a bifurcated proceeding, any discovery related to plaintiffs' request for damages would not be conducted unless and until defendants are found liable on a classwide basis. Only after a determination of liability will the court conduct hearings to determine who is a member of the class and to what extent he or she has been damaged.

[10]We note, however, that plaintiffs will not be able to recover both damages under ERISA § 502(a)(1)(B) and equitable relief under § 502(a)(3). The Supreme Court has made clear that § 502(a)(3) is a catch-all provision designed to remedy ERISA violations not remedied by other ERISA provisions. Varity Corp. v. Howe, 516 U.S. 489, 515 (1996). Some courts have interpreted this to mean that a plaintiff may not bring a claim under § 502(a)(3) if he or she could obtain relief under another section of ERISA. See e.g. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998); Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998); Forsyth v. Humana, Inc., 114 F.3d 1467, 1474-75 (9th Cir. 1997); Wald v. S.W. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996). However, we agree with those courts in our circuit that interpret Varity as not barring an ERISA plaintiff from asserting both claims for damages and equitable relief, but teaching that a court should ordinarily not grant a plaintiff relief on both claims. Oplchenski v. Parfums Givenchy, Inc., 2007 U.S. Dist. LEXIS 10113, *14-15 (N.D. Ill. Feb. 12, 2007); Kirste v. Amended & Restated Exec. Severance Policy Sponsored, 2006 U.S. Dist. LEXIS 86760, *12-15 (E.D. Wis. Nov. 30, 2006); Lee v. Laborers' Local #231 Pension Plan Bd. of Trs, 2006 U.S. Dist. LEXIS 41142, *28-31 (C.D. Ill. June 8, 2006); Stadel v. Principal Fin. Grp., 2006 U.S. Dist. LEXIS 38166, *3-5 (C.D. Ill. May 25, 2006). For it is within the purview of the court to determine whether or not the other provisions of ERISA will provide adequate relief. Varity, 516 U.S. at 515.

determinations we cannot make here as we do not have all the facts in front of us. On a motion for leave to amend, our standard of review is akin to that of Rule 12(b)(6), and we must take all of plaintiffs' allegations as true and draw all inferences therefrom in favor of plaintiffs. Thus, we grant plaintiffs' motion to amend its complaint to include "book of business" damages. Whether or not plaintiffs will be able to recover those damages is a question we leave for another day.

## CONCLUSION

For the foregoing reasons, we grant plaintiffs' motion in part and deny it in part.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

May 3 , 2007.