IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY F. FLANAGAN, JAMES W. CARSON, JOHN M. CHANEY, and DONALD W. JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois corporation, and the AGENT TRANSITION SEVERANCE PLAN, <br><br> Defendants. | No. 01 C 1541 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, a class of former Allstate Insurance Company employees, move to take the depositions of personnel from the consulting firm McKinsey & Company, who acted as consultants to Allstate during the development of the "Sales Organization of the Future" program ("SOOF"). Defendants Allstate and the Agent Transition Severance Plan ("Allstate") argue that plaintiffs waited too long to move for these depositions, as discovery has been closed since February 28, 2006, and have not shown excusable neglect for their delay. Plaintiffs also seek to depose, and re-depose, eight[1] current and former employees of Allstate based on the information contained in the SOOF documents tendered to plaintiffs in discovery in September 2005. Defendants have moved for a protective order to prevent these depositions, arguing they are too late, redundant, and over-burdensome. For the following reasons, we grant plaintiffs' motion in part and subject to conditions, and deny defendants' motion.

---

[1] Defendants' original motion for protective order included a ninth employee, Michael McCabe, in-house counsel for Allstate. Plaintiffs did not address McCabe in their response, and thus we assume, as did defendants in their reply, that plaintiffs have withdrawn their request to depose him.

## BACKGROUND

On September 16, 2005, defendants produced to plaintiffs 17,000 pages of documents relating to SOOF. Defendants produced these documents in a supplemental response to plaintiffs' fourth request for production. Discovery was set to close on September 28, 2005. On September 26, 2005, the parties filed a joint motion, which this court granted, to extend the discovery cutoff date to January 16, 2006. On November 4, 2005, plaintiffs filed another motion to extend the discovery cutoff date, citing the large number of documents they had received. We again granted the motion and extended the date to February 28, 2006, with the caveat that there would be no further extensions. On February 13, 2006, plaintiffs gave notice to defendants of nine current and former Allstate employees they wished to depose during the week of February 22-28, 2006. On February 16, 2006, defendants moved for a protective order to prevent those depositions from taking place. On February 24, 2006, plaintiffs again moved to extend discovery cutoff. We stayed briefing on both motions pending the outcome of plaintiffs' motions for class certification and leave to amend their complaint. We denied the discovery motion as moot on June 5, 2007, requesting, instead, that plaintiffs file a motion specifically addressing the remaining discovery in which they wished to engage.

## ANALYSIS

### McKinsey Depositions

Federal Rule of Civil Procedure 6(b) states:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period

permit the act to be done where the failure to act was the result of excusable neglect... .

The appropriate standard for determining whether to allow an extension depends on when the request for the extension was filed. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896-97 (U.S. 1990). Defendants argue that because plaintiffs' motion was filed on June 12, 2007, almost fifteen months after discovery closed, that the motion is governed by Rule 6(b)(2) and the appropriate standard is "excusable neglect." Plaintiffs assert that this motion is a supplement to their motion to extend discovery, which was filed prior to the close of discovery, and thus the more lenient standard under Rule 6(b)(1) is appropriate. We agree that plaintiffs are not required to demonstrate excusable neglect. Plaintiffs filed their motion for extension of discovery prior to the cutoff date. The long delay in its disposition was due to our decision to stay briefing pending the outcome of a number of other motions. Furthermore, as we stated during a status meeting with the parties, in light of our prior rulings and everyone's desire to move this case along, we would not now grant a blanket extension for discovery. Hence, we denied plaintiffs' earlier motion as moot, but invited them to re-file anew, outlining their specific requests. We therefore analyze plaintiff's request for cause. *See* O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 989 (7th Cir. 2001).

Plaintiffs argue that they need these depositions to determine the origin of the SOOF documents and their relation to the later development of the "Preparing for the Future Program" ("PFP") and modification of the Allstate Agency Standards, which are at the center of this litigation. Defendants argue that plaintiffs should have deposed McKinsey personnel earlier, since they knew long prior to receiving the SOOF documents that McKinsey consulted for Allstate. They state that plaintiffs even served a subpoena on McKinsey for documents in 2002. Plaintiffs counter that while they knew McKinsey worked with Allstate on other

projects and initiatives, they were repeatedly told, during Allstate employee depositions, that McKinsey did not work on anything that related to PFP. Plaintiffs argue that it was not until they received the SOOF documents, which they allege laid the groundwork for PFP, that they first realized McKinsey did in fact consult with Allstate on the topic.

We agree with plaintiffs. In the deposition sections plaintiffs provided to this court (which are not rebutted by defendants), the Allstate employees deposed never connected McKinsey with SOOF, nor connected SOOF with early indications of the later-developed PFP. The deponents did list a number of McKinsey employees they worked with, but on other projects, unrelated (according to them) to PFP. Therefore we do not find plaintiffs were neglectful for not deposing them earlier.

Plaintiffs argue that their delay in requesting depositions of McKinsey personnel resulted from the late production of the SOOF documents, the large amount of documents produced, and changes in plaintiffs' counsel that required new counsel to be brought up to speed on the case. Defendants argue that the SOOF documents were not produced late, but were produced in response to plaintiff's fourth request for documents propounded in June 2005. Plaintiffs counter that based on the content of the SOOF documents, they should have been delivered in connection with plaintiff's third request for documents which this court, in September 2003, limited to "studies or inquiries between 01/01/08 - 11/30/99 concerning any plan to terminate R830 and R1500 employee agents and to offer a severance plan in connection with that termination" (order, 9/16/03, dkt. 56). Regardless of whether the documents were produced late or on time, we find plaintiffs' delaying the taking of the depositions to be justified since they needed to review 17,000 pages of the SOOF documents prior to the taking of the depositions. Plaintiffs further sought discovery extensions to complete this discovery and

to take depositions pertaining to it up to and including their last motion of February 26, 2006. We find that plaintiffs have sufficiently shown cause for their delay in deposing McKinsey personnel. While at the time the SOOF documents were delivered defendants told plaintiffs that McKinsey had consulted on the project, it was not until plaintiffs found evidence linking SOOF to PFP that they realized the need to depose people from McKinsey.

However, plaintiffs seek to depose specific McKinsey employees listed by Allstate personnel as having consulted Allstate on other projects not related to SOOF. Instead of deposing employees who may or may not have worked on SOOF, we direct plaintiffs to ascertain those McKinsey personnel who did consult on SOOF, limit those deposed to a maximum of three, and comply with the other restrictions set forth below.

Protective Order

Defendants move for a protective order to prevent the deposing and re-deposing of a number of Allstate employees. Rule 26(c) of the Federal Rules of Civil Procedure permits this court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." However, this request must be balanced against the broad provision of Rule 26(b)(1), which generally permits discovery of any non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." A party seeking a protective order generally has the burden of showing good cause "by a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Steadfast Ins. Co., Inc. v. Auto Marketing Network, Inc., No. 97 C 5696, 1999 U.S. Dist. LEXIS 6897 (N.D. Ill. May 3, 1999).

Defendants argue that plaintiffs should not be able to take these depositions as they have already met their limit of ten depositions, and noticed up the additional depositions

without requesting leave of court – in violation of Rule 30(a)(2) – to exceed their limit or to re-depose certain witnesses. We note that plaintiffs' motion to extend the discovery date to February 28, 2006, was filed on November 4, 2005, but not granted by this court until February 6, 2006, only 22 days before the modified discovery deadline. Further, the court's order granting the extension made no mention of the specific issues of new or repeat depositions. Therefore, while we agree with defendants that plaintiffs' notice was not proper, we do not see plaintiffs' conduct as an attempt to thwart the Federal Rules or the authority of this court, and so do not see a reason to prevent plaintiffs from seeking these depositions.

Defendants attempt to shift the burden, and argue that plaintiffs fail to satisfy a "heightened standard" of proof as to why plaintiffs should be permitted to depose high ranking officials such as Ed Liddy and Phil Lawson,[2] but they cite no cases where the Seventh Circuit has adopted this so-called "apex" standard. *See* VanDenEng v. The Coleman Co., Inc., No. 03 C 0504, 2005 U.S. Dist. LEXIS 41748 (N.D. Ill. Sept. 23, 2005). In the case defendants do cite, Patterson v. Avery Dennison Corp., 281 F.3d 676 (7th Cir. 2002), the Seventh Circuit held that it would not disturb a district court ruling that the deposition of a certain CEO was not warranted under the circumstances. As the court there noted, "district courts have broad discretion in matters relating to discovery" *(id.* at 681), and thus the Seventh Circuit reviews such rulings only for abuse of discretion. Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041, 1052 (7th Cir. 1998); *see also* Johnson v. Jung, No. 02 C 5221, 2007 U.S. Dist. LEXIS 34500, *8 (N.D. Ill. May 10, 2007)("Being a range, not a point, discretion allows two decision-makers on virtually identical facts to arrive at opposite conclusions, both of which

---

[2]The third high-ranking official discussed in defendants' motion, Ron McNeil, was no longer an employee of Allstate at the conclusion of briefing and so defendants do not make further "apex" arguments as to him.

constitute appropriate exercises of discretion."). The circumstances here warrant the taking of such depositions. The exhibits presented by plaintiffs demonstrate that Liddy and Lawson most likely had personal knowledge of the circumstances surrounding the SOOF documents. We find that Liddy and Lawson's status as high-ranking officials alone, without evidence from defendants that they do not have any relevant knowledge, is not enough to immunize them from deposition. *See* Steadfast, 1999 U.S. Dist. LEXIS 6897, *5 (defendant "has offered no affidavit from [corporate officer] attesting to a lack of knowledge and burden that would be imposed by the deposition").

Defendants argue that plaintiffs should not be able to re-depose previously deposed witnesses. They claim that plaintiffs have failed to demonstrate that they will be unable to get the same information from "an alternative, more convenient or less burdensome source." Rule 26(b)(2). As stated before, it is defendants' burden to demonstrate that plaintiffs can tap another source for this information, and they have failed to meet this burden. Furthermore, we hold that these depositions should be limited in scope to the SOOF documents and any relation those documents have to the issues in this litigation (namely PFP and the Allstate Agency Standards). Such a limitation will ensure that these depositions are not duplicative, overly time-consuming, or burdensome.

Defendants argue that another district court, affirmed by the Seventh Circuit, found that the SOOF documents had no relation to the PFP program or the strengthening of the Allstate Agency Standards. *See* Isbell v. Allstate Ins. Co., No. 01 CV 00252, 2003 U.S. Dist. LEXIS 21412 (N.D. Ill. Nov. 25, 2003) *aff'd in part, rev'd in part* 418 F.3d 788 (7th Cir. 2005). Yet the fact that another court found a plaintiff not to have presented evidence of a such a connection for summary judgment purposes is not relevant to whether plaintiffs here should

be permitted to pursue discovery on the topic in order to gain such evidence for later use.

We therefore find defendants have not met their burden, and deny their motion for a protective order. In the interests of time and efficiency, however, we limit plaintiffs to four depositions of employees and/or former employees of their choosing from the list plaintiffs provided.[3] The depositions will be limited in scope to issues surrounding the SOOF documents. Plaintiffs are further required to comply with the service requirements for deponents no longer in Allstate's employ. Finally, plaintiffs are to complete all of their depositions, including those of McKinsey personnel, within 60 days from the date of this order. We continue to expect to set a trial date at the August 29, 2007, status.

## CONCLUSION

For the foregoing reasons plaintiffs' motion for leave to take the deposition of McKinsey & Company personnel is granted, and defendants' motion for protective order is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 30, 2007.

---

[3] Excluding, of course, McCabe, whose deposition plaintiffs apparently no longer seek.