

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY F. FLANAGAN, JAMES W. CARSON, )
JOHN M. CHANEY, and DONALD W. JONES, )
individually and on behalf of all others )
similarly situated, )
)
            Plaintiffs, )
)
    vs. )   No. 01 C 1541
)
ALLSTATE INSURANCE COMPANY, an )
Illinois corporation, and the AGENT )
TRANSITION SEVERANCE PLAN, )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action for violation of ERISA § 510 and breach of contract against defendants Allstate Insurance Company and the Agent Transition Severance Plan. We certified classes relating to both claims and bifurcated the trial into a liability phase and a damages phase, noting that a determination that Allstate was liable either under § 510 or a breach of contract did not automatically translate into an award of damages for each class member. Flanagan v. Allstate Ins. Co., 228 F.R.D. 617, 621 (D. Ill. 2005). For purposes of judicial efficiency discovery was restricted to questions of liability only. Plaintiffs now seek discovery of certain financial information, claiming it is necessary to prove Allstate's motivation for implementing the Allstate Agency Standards ("AAS"), which plaintiffs claim were created to force employee agents into retirement, separation, or conversion to independent contractor status earlier than they otherwise would have, making them ineligible for benefits later offered by Allstate. Plaintiffs further move for a stay of the discovery schedule pending the outcome of this motion. For the following reasons, we deny plaintiffs'

motion for financial information and grant their motion for a stay.

Plaintiffs' claims allege that Allstate implemented the AAS in order to drive out as many employee-agents as possible, so that fewer agents would remain when the Preparing for the Future Program ("PFP") was unveiled. According to plaintiffs, the PFP was created to do away with the employee-agent contract entirely and to provide incentives for current employee-agents to retire, terminate their employment, or convert to independent contractor status. Plaintiffs claim that new standards under the AAS were onerous solely for the purpose of driving out employee-agents ahead of the PFP, and thereby depriving them of the benefits later awarded to remaining agents. Plaintiffs now seek detailed financial information related to compensation, commissions, fringe benefits, and the value of the books of business for all of the potential class members, claiming that this information is necessary to demonstrate Allstate's motive behind implementing the AAS – the savings it reaped by driving out plaintiffs ahead of the PFP.

The information sought is not relevant at this stage. Plaintiffs are seeking to prove defendants' motivation for instituting the AAS. Therefore, the only evidence that is relevant is that which was considered by defendants during the period leading up to the institution of the AAS. Yet the discovery plaintiffs seek – Allstate's actual savings – could not have been considered by defendants during their deliberation. The cases on which plaintiffs' motion relies, deal, for the most part, with actual terminations of specific employees, thereby making actual cost-savings relevant as the employers knew ahead of time what those savings would be. *See* Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770 (3rd Cir. 2007); Clark v. Coats & Clark, Inc., 900 F.2d 1217, 11th Cir. 1993). But here, the institution of the AAS came without knowing which, if any, employees would leave as a result. Defendants certainly did not have in front

of them the information that plaintiffs seek – the specific salaries, commissions, fringe benefit packages, or value of the books of business of Flanagan, Carson, Chaney, or any of the other named or potential class members. What they likely had in front of them was something more akin to what plaintiffs present in the Sales Organization of the Future documents attached to their motion: estimates and averages, estimates like the number of employee-agents who would leave due to attrition, retirement, and minimum standards. Plaintiffs argue that these specific estimates are quite sufficient to prove Allstate's motivation in relation to the number of employees it hoped to eliminate during this period (plf. reply, at 3, 11). We find the same can be said for the estimates and averages found in these documents regarding compensation, commission, benefits, and book value. Consequently, we deny the motion.

Plaintiffs further move for a stay of the discovery schedule put in place by our most recent order (dkt. 278, July 20, 2007). There, we directed plaintiffs to commence and conclude the additional permitted depositions within 60 days from the date of that order. Plaintiffs now seek a stay so that the 60-day time limit would commence after the date of the current order, since a decision on the matter of the financial information is necessary before they can proceed with the remaining depositions. We agree, and grant the motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for discovery of financial information is denied; their motion for a stay of proceedings pending the outcome of this order is granted. The time frame set for plaintiffs to complete their limited discovery depositions begins as of the date of this order.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 17, 2007.