HHW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY F. FLANAGAN, JAMES W. CARSON, )
JOHN M. CHANEY, and DONALD W. JONES, )
individually and on behalf of all others )
similarly situated, )
)
            Plaintiffs )
)
vs. )   No. 01 C 1541
)
ALLSTATE INSURANCE COMPANY, an )
Illinois corporation, and the AGENT )
TRANSITION SEVERANCE PLAN, )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants move to amend their affirmative defenses to include an allegedly inadvertent omission of the defense of failure to mitigate. Plaintiffs argue that defendants' motion is untimely and would cause prejudice to plaintiffs, and that inclusion of the putative defense would be futile. For the following reasons, we grant defendants leave to amend their answer.

Federal Rule of Civil Procedure 15(c) requires leave to amend pleadings to "be freely given when justice so requires." Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Daugherity v. Traylor Bros., Inc., 970 F.2d 348, 351 (7th Cir. 1992).

Plaintiffs argue that defendants' motion is untimely, as it comes six years into the litigation and after the pleadings have closed. We disagree. First, we note that at the time

defendants moved to amend they had not yet filed their motions on the pleadings, and thus the pleadings were not yet closed. Additionally, defendants assert that this affirmative defense was inadvertently omitted. We have no reason to doubt defendants' assertion. An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time "of course" to amend has passed. <u>Kontrick v. Ryan</u>, 540 U.S. 443, 445 (U.S. 2004). Furthermore, defendants' proposed affirmative defense that plaintiffs failed to mitigate damages, is not untimely because damages discovery has not yet taken place. This court has bifurcated the proceedings into a liability phase and a damages phase, and has held that discovery on damages will not commence until liability has been determined. Thus, the addition of a defense to damages is not untimely at this stage of the case.

In the same vein, plaintiffs argue that to allow such a tardy amendment would unduly prejudice them. They argue that mitigation discovery extends beyond damages into areas now foreclosed because the time for merits discovery has passed. Yet, as defendants correctly note, since they, not plaintiffs, bear the burden of proof regarding mitigation, the inability to conduct necessary discovery would prejudice defendants, not plaintiffs. Therefore, we find plaintiffs will not be unduly prejudiced by the addition of this defense.

Finally, plaintiffs argue that defendants have not adequately pleaded this defense, and thus it is futile. Defendants' proposed amended answer would assert, in pertinent part, that "[s]ome or all of plaintiffs' breach of contract claims are barred and/or limited to the extent plaintiffs failed to mitigate their respective damages." Plaintiffs argue that this defense would be subject to dismissal because it does not meet the requirements of Rule 8(a) – a short, plain statement of the claim, giving notice to the other party of the relief sought. Plaintiffs assert that this defense is simply conclusory and speculative, as it does not offer a single fact in

support, does not state which plaintiffs it is directed against, and does not even allege that the defense actually applies -- only that it might apply. Defendants correctly note that in a class action claim such as this, with more than 1700 putative plaintiffs, it would be impossible to tailor an affirmative defense in more detail. Furthermore, damages discovery has not yet taken place, foreclosing the possibility of ascertaining more detail.

## CONCLUSION

For the foregoing reasons, we hold the proposed affirmative defense legally sound and grant defendants leave to amend their answer.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

March 19, 2008.