# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAY F. FLANAGAN, JAMES W. CARSON, )
JOHN M. CHANEY, and DONALD W. JONES, )
individually and on behalf of all others )
similarly situated, )
                                   Plaintiffs )
                vs. )   No. 01 C 1541
ALLSTATE INSURANCE COMPANY, an )
Illinois corporation, and the AGENT )
TRANSITION SEVERANCE PLAN, )
                                 Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jay Flanagan, James Carson, John Chaney, Robert Cushatt and Donald Jones, representing two classes of former employee-agents of defendant Allstate, brought this suit against defendants Allstate and the Agent Transition Severance Plan (collectively, "Allstate") for violation of ERISA and breach of contract. Allstate has moved for summary judgment. Prior to the completion of briefing, Allstate moved to strike and bar several exhibits upon which plaintiffs' response relies. Allstate argues that those exhibits are inadmissible hearsay and therefore cannot be relied upon to oppose summary judgment. For the following reasons we grant, in part, Allstate's motion.

The documents in question are a collection of materials developed, in whole or in part, by McKinsey, a consulting group hired by Allstate to work with the Sales Organization of the Future initiative ("SOOF"). The purpose of the SOOF committee was to brainstorm ways to make Allstate more competitive in the market. Allstate makes numerous arguments as to why these documents are inadmissible hearsay, asserting mainly that they are neither admissions

of Allstate nor business records. All of Allstate's arguments rest on one assumption, that plaintiffs are seeking to offer these documents for the truth of the matter asserted.

Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Allstate assumes that plaintiffs intend to offer the SOOF documents to prove the truth of the information they contain. For the most part, we find that is not the case. In many instances the documents are not being offered for their truth, but to demonstrate Allstate's motive for instituting the new work requirements at issue in this case. The documents are being offered to show that Allstate was affected by this specific information, and considered it (accurate or not) when determining how to restructure its workforce. Since the truth of the SOOF documents has no bearing on Allstate's alleged reliance on them, to that extent they are not barred by the hearsay rule.

There may be a question as to whether Allstate decision-makers actually did consider these documents – an issue both parties argue vigorously. "[A]n oral statement relied upon as notice cannot have been effective as such unless made in the presence of the person sought to be charged with notice." 30B Michael H. Graham, Federal Practice and Procedure § 7008 (4th ed. 2006). We find that plaintiffs have provided sufficient evidence to permit a foundation to be laid for introduction of the SOOF documents. *See* Holman v. Revere Electric Supply Co., 2005 U.S. Dist. LEXIS 43402 *11 (N.D. Ill. March 15, 2005), citing A.I. Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637-38 (7th Cir. 2001)(court "may consider documents on summary judgment even if a foundation has not been laid, so long as one could be laid at trial"). The testimony of Dwight Hammack, the vice-president in charge of SOOF, makes clear that senior management, including Phil Lawson, was apprised of the work of SOOF by way of, among other things, presentation of SOOF documents themselves (Hammack dep. 53-54). Hammack

further testified that "99 percent of the communication was done either on a face-to-face basis or discussion of stuff that was in one of these documents." (*Id.* at 54). Allstate offers the testimony of Phil Lawson, vice-president of sales and in charge of the agent distribution system, to rebut plaintiffs' proffered testimony. Lawson testified that he did not have much contact with the SOOF committee and that the Allstate Agency Standards ("AAS") were not the results of that committee's work. He also testified that another decision-maker, Bob Gary, was the person who approved the AAS (Lawson, dep. at 24-25). Hammack testified that Bob Gary was directly involved with SOOF – there were Monday morning meetings with the senior management team (which included Bob Gary), where SOOF documents would often be presented (Hammack dep. at 39-40, 160). Hammack also testified that he frequently spoke with Phil Lawson, because "much of what I was doing impacted his area, of course." (*Id.* at 41). He further testified that the SOOF committee work was shared with Lawson: "Most of it he saw or had an input on or he may come by to see me on an occasional basis and said he didn't like this or didn't like that." (*Id.* at 43.) While Allstate offers testimony of Lawson, stating that the SOOF work had no impact on the implementation of the AAS, it has not offered clear evidence that these documents never reached senior decision-makers – Lawson and/or Gary.[1] The fact that the parties offer conflicting testimony on this point does not mean that plaintiffs' proffered testimony is not a sufficient foundation for the documents. Whether the documents were actually used by senior management is a question that goes to weight of the evidence rather than admissibility. Finally, any prejudice that might result from the admission of these documents will have no effect on this court's summary judgment decision,

---

[1] Hammack's testimony that he could not attest to whether Exhibit F ever reached Lawson is not clear evidence that it did not – it is simply that he could not attest to that specific document (Hammack dep. at 211). Further, it does not demonstrate that Exhibit F never reached Bob Gary, who was much more intimately involved in SOOF.

and any issues at trial can be remedied with careful jury instructions.

Other portions of plaintiffs' additional statement of facts do appear to rely on SOOF documents for the truth of the matter asserted. For example, in paragraph 54 plaintiffs offer the SOOF documents as evidence of the proffered fact that 1,600 agents did not have the licensed support staff required to meet Allstate's new standards (plf. resp. AUF ¶ 54). The use of these documents in this manner constitutes hearsay, and they will only be admitted if they satisfy one of the exceptions to hearsay rule.

Plaintiffs argue that these documents are admissions of Allstate, or at least are adoptive admissions through McKinsey, as Allstate's agent. Plaintiffs do not persuasively argue either point. They insist that because Allstate employees participated in SOOF, and worked with McKinsey, the documents are admissions of Allstate. However, none of the witnesses has been able to delineate which statements were made by Allstate agents and which were made by McKinsey consultants, since witnesses testified that both groups worked together on the project.

Next, plaintiffs discuss a variety of other court cases involving Allstate, where Allstate allegedly refused to make public the McKinsey documents or submit them to a court. Plaintiffs offer no citations to these cases or any others to support their argument that Allstate's refusal to turn over these documents qualifies them as a party admission under Rule 801(d)(2)(A) or (B).

In the same vein, plaintiffs fail to make a case for classifying McKinsey as an agent of Allstate, rather than an independent contractor under Rule 801(d)(2)(D). *See e.g.* Condos v. Howard Savings Bank, 986 F. Supp. 914 (D.N.J. 1997). Plaintiffs do not even discuss the difference between the two categories. Finally, plaintiffs lay out numerous portions of deposition testimony, but fail to coalesce this evidence into a coherent argument. Therefore,

we find the SOOF documents are not admissible as admissions.

Plaintiffs do not even address Allstate's arguments that the SOOF documents cannot be considered business records under Rule 803(6). While we find that consultant reports can qualify as business records (Condos, 986 F. Supp at 917-20), plaintiffs have not met their burden of proving that the SOOF documents fall under this exception. Rule 803(6) requires the document at issue to be "made at or near the time by, or from information transmitted by, a person with knowledge." It also requires that document to be "kept in the course of a regularly conducted business activity" by someone whose "regular practice" it is "to make" the document, "as shown by the testimony of the custodian or other qualified witness." *Id.* In addition, "the source of information or the method or circumstances of preparation [must not] indicate lack of trustworthiness." *Id.*

Plaintiffs do not provide this court with sufficient testimony documenting the physical creation of the SOOF documents, nor do they provide this court with a custodial witness. Many of the witnesses testified that they did not know exactly who created any given SOOF document (let alone the ones specifically objected to here), only that they were a collaboration of various McKinsey consultants and Allstate employees. Most witnesses cannot remember much about the SOOF documents at all – when they were made, who made them, or how they were created. Furthermore, plaintiffs offer no testimony addressing whether the documents were created at or near the time the information upon which they were based was obtained.

Finally, plaintiffs have offered no evidence confirming the reliability of these documents as being made in the regular course of McKinsey's business. McKinsey is a consulting firm whose business is to consult. Yet, we are unsure what that consists of. The type of consulting McKinsey performed for Allstate is wholly different, for example, from consultants hired to perform a financial audit. *See e.g.* Condos, 986 F. Supp at 918 ("It is their business to analyze

banks and issue these types of reports"). That type of consulting is fairly standard and routine, requiring precision and accuracy, allowing for an inference of reliability. Here, witness testimony makes clear that McKinsey's role was as an idea generator rather than an auditor. While McKinsey engaged in some fact-gathering, it also worked to generate thoughts and ideas for the future, some of which, all parties concur, was never acted upon or considered again after initial proposals. This is not the type of consulting that can result in reports of clear reliability, absent the other indicia not proffered here.

To admit these documents for their truth, this court must find that "the source of the information or method or circumstances of preparation [does not] indicate lack of trustworthiness." Condos, 986 F. Supp. at 919 *quoting* Fed. R. Evid. 803(6). While we can glean some trustworthiness from the fact that these documents had an independent business significance, and are of a type relied upon in making a business decision, in this instance that is not sufficient. *Id.* at 919; United States v. Frazier, 53 F.3d 1105, 1110 (10th Cir. 1995). Due to plaintiffs' failure to satisfy the other requirements of Rule 803(6), we cannot confirm the reliability of these documents. Therefore, we find that the SOOF documents do not qualify as business records under that rule.

## CONCLUSION

For the foregoing reasons, we grant, in part, Allstate's motion to strike and bar plaintiffs' exhibits.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 21, 2008.