IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAY F. FLANAGAN, JAMES W. CARSON, | ) | |
| JOHN M. CHANEY, and DONALD W. JONES, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | No. 01 C 1541 |
| | ) | |
| ALLSTATE INSURANCE COMPANY, an | ) | |
| Illinois corporation, and the AGENT | ) | |
| TRANSITION SEVERANCE PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, a class of former Allstate employee-agents, move this court to reconsider its decision granting summary judgment to defendants Allstate Insurance Company and the Agent Transition Severance Plan on the class claims. <u>Flanagan v. Allstate Ins. Co.</u>, 2008 WL 2338625 (N.D. Ill. May 23, 2008). Alternatively, plaintiffs seek decertification of the class. For the following reasons, plaintiffs' motion is denied.

A motion to reconsider is appropriate where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. <u>Id.</u>; <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990). While not explicitly stating under which provision plaintiffs are seeking relief, by the timbre of their argument we assume that they believe the court made an

error of apprehension and that new significant facts have come to light since its decision.

In support of both arguments, plaintiffs offer a second deposition of named plaintiff Jay Flanagan, taken on the day the court issued the ruling in question. Plaintiffs attempt to highlight portions of the deposition they say shed additional light on their constructive discharge claim and make clear that the Allstate Agency Standards ("AAS") were implemented to force employee-agents like Flanagan out of the company.

For example, in his recent deposition, Flanagan does offer two facts not raised in his earlier testimony – that he wanted to combine with other agents in his area (NOAs or EAs, not general agents), but was turned down, being told that as a general agent he could only combine with other general agents. He also states that he wanted to convert to EA status, but was again told that as a general agent he could not do so. Neither of these facts changes the ruling of this court. As to the first issue, his inability to combine with other non-general agents, Flanagan testified that he never saw such a policy in writing, and further testifies that he knew of at least one general agent who had been permitted to combine forces with an EA. Considering these admissions, Flanagan's statement does not generate a genuine issue of material fact that a company policy exhisted prohibiting him from combining with other non-general agents. Without evidence of such a company policy, no inference can be drawn that the imposition of the AAS was intended to force general agents like Flanagan to resign, retire or convert. Similary, Flanagan's statement that he was prohibited from converting does not raise a genuine issue of material fact as to constructive discharge because one of the class allegations is that general agents were *forced* to convert, not that they were prohibited from converting. Thus the fact that Flanagan was told he could not convert has no bearing on the class claims.

For the most part, Flanagan's testimony does not offer this court anything that it did not previously have. Flanagan had testified previously to the fact that as a general agent he was

No, 01 C 1541                                                                                                    **Page 3**

not permitted to hire a secretary under the new standards. Furthermore, in his new deposition, Flanagan continues to admit that he was not required to adhere to the office hour standard, and that the licensed support staff standard had not been implemented at the time of his departure (Flanagan dep., 5/23/08, pp. 124-26). As stated in our previous opinion, these admissions are fatal to his claim, as are similar admissions by other employee-agents. Motions for reconsideration are not vehicles for rehashing old arguments that have already been rejected. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Since this is what plaintiffs' motion attempts to do, it is denied.[1]

Next, plaintiffs argue that the law of the case requires this court to find that the R830 contract was terminable for cause only, pursuant to the state court case involving substantially the same parties, Linker v. Allstate, 342 Ill. App. 3d 764, 794 N.E.2d 945 (Ill. App. Ct. 2003). However, because this court held that the imposition of the AAS did not constitute constructive discharge as a matter of law, we did not reach the issue of the status of plaintiffs' employment contract. Whether or not it was terminable for cause or was an at-will agreement had no bearing on whether the AAS was implemented to drive plaintiffs out of the company. Because we had no occasion to address this issue in the first instance, it is not an appropriate matter for reconsideration.

Plaintiffs also request that this court re-open discovery on the non-class claims of breach of fiduciary duty. We do not address that argument at this time. Defendants have filed their motion for summary judgment on that claim, and if plaintiffs believe they cannot adequately

---

[1] Plaintiffs argue that it was improper for this court to grant summary judgment on the class claims, since, in *dicta*, we found that even if summary judgment were inappropriate, the class would require decertification because the class allegations no longer match the arguments plaintiffs put forth. Plaintiffs offer no case law to support their argument, and we note that regardless of our musings on the status of plaintiffs' class we squarely held, and reaffirm here, that summary judgment was indeed appropriate. Therefore, we decline to vacate our judgment and decertify the class.

respond to that motion absent further discovery, they may file a motion pursuant to Rule 56(f)

outlining the specific reasons for needing additional discovery. Fed. R. Civ. Pro. 56(f).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to reconsider is denied.

James B. Moran
**JAMES B. MORAN**
Senior Judge, U. S. District Court

Aug. 20, 2008.